**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **ASCENTIUM CAPITAL LLC, a** | ) | |
| **Delaware limited liability** | ) | |
| **company,** | ) | **Case No.: 1:22-cv-4130** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **COMPLAINT** |
| **J1M REALTY INC., a New York** | ) | |
| **corporation, and EVERTON** | ) | |
| **MCINTYRE, individually,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

Ascentium Capital LLC, by and through its undersigned attorneys, and for its Complaint against J1M Realty Inc. and Everton McIntyre states as follows:

**PARTIES**

1.      Plaintiff Ascentium Capital LLC ("Ascentium") is a Delaware limited liability company whose sole member is RF Ascentium, LLC.  RF Ascentium, LLC is a Delaware limited liability company whose sole member is Regions Bank, an Alabama banking corporation having its principal place of business in Birmingham, Alabama.  Thus, Ascentium is a citizen of the state of Alabama for purposes of diversity jurisdiction.

2.      Defendant J1M Realty Inc. ("J1M Realty") is a New York corporation with its principal place of business at 68 Jay Street, Ste. 201/N29, Brooklyn, New York, 11201.  Thus, J1M Realty is a citizen of the state of New York for purposes of diversity jurisdiction.

1

3.     Defendant Everton McIntyre ("McIntyre") is the President of Defendant J1M Realty and a citizen of New Jersey residing in Englewood Cliffs, New Jersey.  Thus, McIntyre is a citizen of New Jersey for purposes of diversity jurisdiction.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over these claims under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, and there is diversity of citizenship between Ascentium and both Defendants.

5.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims set forth herein occurred in this District, the principal place of business of Defendant J1M Realty is within this District, and upon information and belief, Defendant McIntyre transacts substantial business in the District.

## FACTUAL ALLEGATIONS

### EFA 2596426

6.     On or about March 29, 2021, J1M Realty entered into Equipment Finance Agreement ("EFA") No. 2596426 with Ascentium in order to finance the purchase by J1M Realty of certain items of personal property described therein.  A copy of EFA 2596426 is attached herein as **Exhibit A** and incorporated by reference herein.

7.     Pursuant to the terms of EFA 2596426, J1M Realty granted Ascentium a purchase money security interest in items of personal property (the "EFA 2596426 Collateral").

8.    McIntyre unconditionally guaranteed to Ascentium the payment and performance when due of all obligations of J1M Realty under EFA 2596426 (the "EFA 2596426 Guaranty"). *See* Exhibit A.

9.    J1M Realty agreed in EFA 2596426 to pay Ascentium $60,704.40 by way of 60 monthly payments, each in the amount of $1,011.74.

10.    Ascentium performed all the conditions required to be performed by it under EFA 2596426, but J1M Realty defaulted under EFA 2596426 by failing to make payments owed thereunder as and when due.  Specifically, J1M Realty failed to make payments beginning with the payment due on September 15, 2021, which was a default under EFA 2596426.

11.    By letter dated May 11, 2022 (the "Demand Letter"), Ascentium notified J1M Realty and McIntyre of the default and resulting acceleration of obligations under EFA 2596426.  Ascentium demanded payment of the $53,851.79 balance remaining owed under EFA 2596426, plus accruing interest and fees, from J1M Realty and McIntyre pursuant to the EFA 2596426 and the EFA 2596426 Guaranty, respectively.  A true and correct copy of the Demand Letter is attached as **<u>Exhibit B</u>** and incorporated by reference herein.

12.    Despite Ascentium's demand for payment from Defendants, Defendants have failed and refused, and continue to fail and refuse, to pay the amounts owed under EFA 2596426.

13. As of May 11, 2022, the following amounts were due and owing to Ascentium from J1M Realty and McIntyre under EFA 2596426 (with accruing interest and charges, the "EFA 2596426 Indebtedness"):

    a. Past due monthly payments plus accelerated monthly payments (discounted per EFA 2596426 using a present value discount rate of 3%) in the total amount of $52,890.82, plus accrued and accruing unpaid interest;

    b. Default interest on the past due amounts at the rate of 1.5% per month, which was $547.30 as of May 11, 2022;

    c. Site inspection repossession charges of $192.50;

    d. Returned item charges of $120.00; and

    e. Accrued and accruing late charges of no less than $101.17.

14. Pursuant to EFA 2596426, J1M Realty agreed to pay Ascentium's reasonable attorneys' fees and actual costs incurred by Ascentium in enforcing its rights under EFA 2596426 (collectively, "EFA 2596426 Costs"; with the EFA 2596426 Indebtedness, the "EFA 2596426 Obligations"). The EFA 2596426 Costs include:

    a. Fees and expenses incurred by Ascentium in enforcing EFA 2596426; and

    b. Costs and reasonable attorneys' fees, in an amount according to proof, including amounts paid to Maynard, Cooper & Gale, P.C. for instituting and prosecuting this action ("Attorney Costs").

4

**EFA 2597697**

15.     On or about April 6, 2021, J1M Realty entered into Equipment Finance Agreement ("EFA") No. 2597697 with Ascentium in order to finance the purchase by J1M Realty of certain items of personal property described therein.  A copy of EFA 2597697 is attached herein as **Exhibit C** and incorporated by reference herein.

16.     Pursuant to the terms of EFA 2597697, J1M Realty granted Ascentium a purchase money security interest in items of personal property (the "EFA 2597697 Collateral").

17.     McIntyre unconditionally guaranteed to Ascentium the payment and performance when due of all obligations of J1M Realty under EFA 2597697 (the "EFA 2597697 Guaranty"). *See* Exhibit C.

18.     J1M Realty agreed in EFA 2597697 to pay Ascentium $60,832.20 by way of 60 monthly payments, each in the amount of $1,013.87.

19.     Ascentium performed all the conditions required to be performed by it under EFA 2597697, but J1M Realty defaulted under EFA 2597697 by failing to make payments owed thereunder as and when due.  Specifically, J1M Realty failed to make payments beginning with the payment due on August 25, 2021, which was a default under EFA 2597697.

20.     By the Demand Letter dated May 11, 2022, Ascentium notified J1M Realty and McIntyre of the default and resulting acceleration of obligations under EFA 2597697.  *See* Exhibit B.  Ascentium demanded payment of the $54,905.48 balance remaining owed under EFA 2597697, plus accruing interest and fees, from

J1M Realty and McIntyre pursuant to the EFA 2597697 and the EFA 2597697 Guaranty, respectively. *See* Exhibit B.

21.    Despite Ascentium's demand for payment from Defendants, Defendants have failed and refused, and continue to fail and refuse, to pay the amounts owed under EFA 2597697.

22.    As of May 11, 2022, the following amounts were due and owing to Ascentium from J1M Realty and McIntyre under EFA 2597697 (with accruing interest and charges, the "EFA 2597697 Indebtedness"):

   a.   Past due monthly payments plus accelerated monthly payments (discounted per EFA 2597697 using a present value discount rate of 3%) in the total amount of $53,790.75, plus accrued and accruing unpaid interest;

   b.   Default interest on the past due amounts at the rate of 1.5% per month, which was $618.06 as of May 11, 2022;

   c.   Site inspection repossession charges of $192.50; and

   d.   Accrued and accruing late charges of no less than $304.17.

23.    Pursuant to EFA 2597697, J1M Realty agreed to pay Ascentium's reasonable attorneys' fees and actual costs incurred by Ascentium in enforcing its rights under EFA 2597697 (collectively, "EFA 2597697 Costs"; with the EFA 2597697 Indebtedness, the "EFA 2597697 Obligations"). The EFA 2597697 Costs include:

a. Fees and expenses incurred by Ascentium in enforcing EFA 2597697; and

b. Costs and reasonable attorneys' fees, in an amount according to proof, including amounts paid to Maynard, Cooper & Gale, P.C. for instituting and prosecuting this action ("Attorney Costs").

## COUNT I – BREACH OF CONTRACT
## (AGAINST J1M REALTY; EFA 2596426)

24.    Ascentium adopts and incorporates all preceding paragraphs as if fully set forth herein.

25.    EFA 2596426 is a contract between Ascentium and J1M Realty.

26.    J1M Realty agreed to make payments to Ascentium in EFA 2596426.

27.    J1M Realty breached EFA 2596426 by failing to make those payments.

28.    Default has occurred in the repayment by J1M Realty of the EFA 2596426 Indebtedness, the maturity of which has been accelerated, and all EFA 2596426 Obligations are accordingly due and payable immediately.

29.    In the Demand Letter, Ascentium made demand for payment of $53,851.79, plus accruing interest and charges, for the EFA 2596426 Indebtedness.

30.    Despite such written demand, J1M Realty has failed to pay Ascentium the EFA 2596426 Obligations in accordance with its obligations under the EFA 2596426.

31.    J1M Realty is in default in the performance of, and has breached, its contractual obligations under the EFA 2596426.

**WHEREFORE**, Ascentium demands judgment against J1M Realty for the EFA 2596426 Obligations, as well as such other, further and different relief to which Ascentium may be entitled and is just and proper in this action.

## COUNT II – BREACH OF CONTRACT
## (AGAINST J1M REALTY; EFA 2597697)

32.     Ascentium adopts and incorporates all preceding paragraphs as if fully set forth herein.

33.     EFA 2597697 is a contract between Ascentium and J1M Realty.

34.     J1M Realty agreed to make payments to Ascentium in EFA 2597697.

35.     J1M Realty breached EFA 2597697 by failing to make those payments.

36.     Default has occurred in the repayment by J1M Realty of the EFA 2597697 Indebtedness, the maturity of which has been accelerated, and all EFA 2597697 Obligations are accordingly due and payable immediately.

37.     In the Demand Letter, Ascentium made demand for payment of $54,905.48, plus accruing interest and charges, for the EFA 2597697 Indebtedness.

38.     Despite such written demand, J1M Realty has failed to pay Ascentium the EFA 2597697 Obligations in accordance with its obligations under the EFA 2597697.

39.     J1M Realty is in default in the performance of, and has breached, its contractual obligations under the EFA 2597697.

**WHEREFORE**, Ascentium demands judgment against J1M Realty for the EFA 2597697 Obligations, as well as such other, further and different relief to which Ascentium may be entitled and is just and proper in this action.

## COUNT III – BREACH OF CONTRACT
## (AGAINST MCINTYRE; EFA 2596426)

40.     Ascentium adopts and incorporates all preceding paragraphs as if fully set forth herein.

41.     The EFA 2596426 Guaranty is a contract between Ascentium and McIntyre.

42.     McIntyre agreed in the EFA 2596426 Guaranty to be unconditionally liable for, and to pay and perform when due, the EFA 2596426 Obligations.

43.     McIntyre breached the EFA 2596426 Guaranty by failing to make those payments.

44.     Despite written demand, McIntyre failed to pay Ascentium the EFA 2596426 Obligations, which are due and owing in full.

45.     McIntyre is in default in the performance of, and has breached, his contractual obligations under the EFA 2596426 Guaranty.

**WHEREFORE**, Ascentium demands judgment against McIntyre for the EFA 2596426 Obligations, as well as such other, further and different relief to which Ascentium may be entitled and is just and proper in this action.

## COUNT IV – BREACH OF CONTRACT
## (AGAINST MCINTYRE; EFA 2597697)

46.     Ascentium adopts and incorporates all preceding paragraphs as if fully set forth herein.

47.     The EFA 2597697 Guaranty is a contract between Ascentium and McIntyre.

48.     McIntyre agreed in the EFA 2597697 Guaranty to be unconditionally liable for, and to pay and perform when due, the EFA 2597697 Obligations.

49.     McIntyre breached the EFA 2597697 Guaranty by failing to make those payments.

50.     Despite written demand, McIntyre failed to pay Ascentium the EFA 2597697 Obligations, which are due and owing in full.

51.     McIntyre is in default in the performance of, and has breached, his contractual obligations under the EFA 2597697 Guaranty.

**WHEREFORE**, Ascentium demands judgment against McIntyre for the EFA 2597697 Obligations, as well as such other, further and different relief to which Ascentium may be entitled and is just and proper in this action.

## COUNT V – ACCOUNT STATED
## (AGAINST ALL DEFENDANTS)

52.     Ascentium adopts and incorporates all preceding paragraphs as if fully set forth herein.

53.     By the Demand Letter, Ascentium notified J1M Realty and McIntyre of the default and resulting acceleration of obligations under EFA 2596426 and EFA 2597697.

54.     Upon information and belief, Defendants received the Demand Letter.

55.     Defendants have had an opportunity to review the Demand Letter and raise any objections regarding the accuracy of the information contained therein, including, among other things, the amount stated as due.

56.     Neither Defendant has ever objected to the amounts set forth in the Demand Letter.

57.     Despite demand, Defendants have failed to pay the total amount due as set forth in the Demand Letter.  Defendants, jointly and severally, owe said amount to Ascentium on account stated.

**WHEREFORE**, Ascentium demands judgment against J1M Realty and McIntyre for the EFA 2596426 Obligations and the EFA 2597697 Obligations, as well as such other, further and different relief to which Ascentium may be entitled and is just and proper in this action.

## COUNT VI – UNJUST ENRICHMENT
## (AGAINST ALL DEFENDANTS)

58.     Ascentium adopts and incorporates all preceding paragraphs as if fully set forth herein.

59.     Ascentium conferred a benefit on the Defendants by providing monies pursuant to EFA 2596426 and EFA 2597697.

60.     Despite demand, Defendants have refused to pay the outstanding amounts owed under EFA 2596426 and EFA 2597697.

61.     By retaining these monies or using them for their own benefit, while not remitting payment to Ascentium as required under EFA 2596426 and EFA 2597697, J1M Realty and its President, McIntyre, have been unjustly enriched at Ascentium's expense.

62.     Accordingly, Defendants are liable to Ascentium for the EFA 2596426 Obligations and EFA 2597697 Obligations.

**WHEREFORE**, Ascentium demands judgment against J1M Realty for the EFA 2596426 Obligations and the EFA 2597697 Obligations, as well as such other, further and different relief to which Ascentium may be entitled and is just and proper in this action.

## PRAYER FOR RELIEF

Wherefore, Ascentium prays that the Court enter judgment and relief as follows:

a. Awarding Ascentium $53,851.79, plus accruing interest and charges, for the EFA 2596426 Indebtedness;

b. Awarding Ascentium $54,905.48, plus accruing interest and charges, for the EFA 2597697 Indebtedness;

c. Awarding Plaintiff attorneys' fees, costs, and expenses incurred by Ascentium in enforcing EFA 2596426;

d. Awarding Plaintiff attorneys' fees, costs, and expenses incurred by Ascentium in enforcing EFA 2597697;

e. Other, further, and different relief to which Ascentium may be entitled and is just and proper in this action.

Dated: July 14, 2022

/s/ Margaret M. Siller
Margaret M. Siller
MAYNARD COOPER & GALE, P.C.
1201 Villa Place, Suite 200
Nashville, TN 37212
T: 629.258.2253
F: 629.258.2251
msiller@maynardcooper.com

Counsel for Ascentium Capital LLC